## JESSUP, AS AD. v. SPEARS.

1. RES JUDICATA: *Consent order in the Probate Court.*

To a bill by Jessup as administrator of Herrill's estate to foreclose a mortgage executed by Spears to secure his note, Spears answered that he had delivered to Herrill in his life time, a certain number of bales of cotton sufficient to pay the note. Upon the trial the administrator proved by the records of the probate court that Spears had before presented his claims for the cotton to him, and he had rejected it and referred it to the probate court, and upon trial there the court had, by consent of the parties, ordered that the administrator credit Spears' note with an amount equal to about one-third of his claim, and that Spears pay the cost of the proceeding, and that no appeal had been taken from the judgment. The credit appeared upon the note leaving a balance due on it.

*Held:* That the probate court had jurisdiction of the claim and the parties, and its judgment was as conclusive as if rendered upon hearing evidence; and Spears was estopped from going back of it, on re-litigating the matter in this court.

APPEAL from *Perry* Circuit Court in Chancery.
Hon. JABEZ M. SMITH, Circuit Judge.

*T. W. Pound,* for appellant:

The payment insisted on is the same claim adjudicated in the probate court, and appellee is estopped by the judgment therein from setting it up. *Freeman on Judgments, secs.* 319, *a;* 221–2 *and* 249 ; *Hopkins* v. *Lea,* 6 *Wheat.,* 109 ; *Kendall* v. *Stokes,* 3 *Howard,* 100.

*J. F. Sellers,* for appellee :

1.   The reply was properly stricken from the files. It contained neither a counter-claim nor set-off. *Gantt's Dig.,* sec. 4579.

2.   Action of probate court was *coram non;* it could only allow or disallow the claim. *Ib.,* secs. 112, *et seq, and* 4700 ; *Freeman on Judg.,* sec. 251.

3.   Spears not estopped; the party pleading estoppel must have parted with something of value upon the acts or statements of the other, and could not be placed in his original position if the other was not estopped. *Kents Com.,* vol. 4, *notes to p.* 261 ; 3 *Sneed, (Tenn.,)* 372.

4.   The issue is upon the amount due, and not on an adjudication of the probate court.

5.   Party seeking equity must come into court with clean hands. *Story Eq. Jur.,* sec. 642.

ENGLISH, C. J. This was a bill to foreclose a mortgage.. The material facts alleged by the bill, were :

That on the second of September, 1870, defendant, Stephen Spears, executed to Joseph G. Herrill, complainant's intestate, a note for $900.00, payable first January, 1871, with interest at ten per cent. from date until paid, and gave a mortgage upon a tract of land described, to secure the payment of the debt and interest.

That on the fourth of February, 1874, Herrill died, and on the ninth of March following, complainant, Mercator Jessup, was duly appointed administrator of his estate.

The bill admits, as partial payments, the following credits endorsed upon the note :

As of April 1st, 1872......................$388.98.
As of April 1st, 1873...................... 324.14.
As of April 24th, 1877..................... 20.00,

and alleges the non-payment of the balance of the debt, etc., for which a decree is prayed, with foreclosure of the mortgage.

In his answer, defendant admitted the execution of the note and mortgage, but alleged that he had fully paid the note by delivering to Herrill, during the fall of 1870, ten bales of cotton worth $1200.00 ; in the fall of 1871, six bales, worth $700.00, and in the fall of 1872, five bales worth $600.00.

On the hearing the defendant proved, by his own deposition, the payments in cotton about as broadly as he had alleged them in his answer.

The complainant proved by the probate records, in substance, that defendant had made out and presented to him for allowance, a claim against the estate of Herrill for the cotton referred to in the answer, which he rejected, and referred it to the probate court. That the claim came on

for trial, and by consent of parties, it was ordered by the court that he credit the note in suit with $388.98, as of April 1st, 1872, and with $324.14, as of April 1st, 1873, and that claimant pay the costs.

It was also proved that no appeal was taken from the judgment of the probate court, so entered by consent, that the credits were entered on the note, and afterwards defendant made complainant a further payment of $20.00, which was credited upon the note as of April 24th, 1877.

Upon the above pleadings and evidence, the court dismissed the bill, and complainant appealed.

The probate court had jurisdiction of the claim and of the parties, and the judgment entered by consent was as conclusive upon appellee as if made by the court upon hearing evidence, and he was thereby estopped from going back of the judgment in this suit, and again opening up the controversy about the cotton payments. He, in effect, consented to a judgment allowing part of his claim, and rejecting the balance, and by consent of appellant, the amount was credited on the note now in suit.

The decree is reversed, and the cause remanded to the court below, with instructions to enter a decree for the balance due on the note, foreclosing the mortgage, and condemning the land to be sold for satisfaction, under the usual practice in equity in such cases.